UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT LEE JONES, JR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 3:17-CV-210 RLM-MGG |
| ) | |
| RUNAWAY BAY APARTMENTS ) | |
| M/A MGMT. CORP., ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Robert Jones filed an amended complaint against Runaway Bay M/A Mgmt Corp. alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Mr. Jones claims that Runaway Bay discriminatorily terminated his lease, restricted him from accessing a clubhouse, didn't conduct service and repairs in his apartment, and retaliated against him for engaging in protected activities. Runaway Bay's motion to dismiss Mr. Jones's amended complaint is before the court. [Doc. No. 113]. For the following reasons, the court grants the motion in part and denies it in part.

I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's

favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (quoting Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

## II. DISCUSSION

Mr. Jones filed his complaint without an attorney, so the court "construe[s] it liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). The court construes Mr. Jones's complaint as attempting to state Fair Housing Act claims under § 3604(a) for discriminatory eviction, § 3604(b) for

discriminatory provision of services or facilities, and § 3617 for retaliation. Because of the straightforward nature of Fair Housing Act claims like those alleged by Mr. Jones, the *Twombly/Iqbal* standard requires nothing more from a complaint than "factual allegations identifying (1) who discriminated against [the plaintiff]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." McCauley v. City of Chicago, 671 F.3d 611, 617 (7th Cir. 2011).

Runaway Bay argues that Mr. Jones's complaint should be dismissed because the allegations don't meet the *Twombly/Iqbal* standard. It contends that the complaint doesn't state a Fair Housing Act claim and only contains labels and conclusions alleging discrimination without any facts that plausibly show that the defendant violated the Fair Housing Act. With respect to some of Mr. Jones's claims, the court agrees; with respect to others, the court disagrees.

### *A. Section 3604(a)*

Section 3604(a) of the Fair Housing Act makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The court of appeals has construed the clause in 42 U.S.C. § 3604(a), "otherwise make unavailable or deny, a dwelling," broadly, holding that the clause extends to the point of eviction, including constructive

eviction. Bloch v. Frischholz, 587 F.3d 771, 776 (7th Cir. 2009) (arguing that to do otherwise would allow a landlord "to rent to an African–American but then, the day after he moves in, [to] change all the locks and put up signs that said, 'No blacks allowed.' That clearly could not be what Congress had in mind when it sought to create 'truly integrated and balanced living patterns.'").

Mr. Jones, an African-American, alleges racial discrimination by Runaway Bay caused his eviction or constructive eviction. For example, he alleges Runaway Bay racially discriminated against him and his family by restricting access to maintenance and clubhouse services, including through force, exposing the family to racial segregation, and "openly showing differences between white residents" and Mr. Jones. [Doc. No. 116 at ¶ 13]. He claims these actions made him "vulnerable to violence [and] mistreatment," caused him fear and "intentionally forc[ed] [Mr. Jones] to move to avoid further racism." Id. He further alleges that Runaway Bay "terminated [his] lease unlawfully, without legitimate grounds based off of discrimination giving whites preferential treatment" and due to "race . . . discrimination by racist stereotypes," false accusations, and efforts to enforce "degrading racially segregating standards." Id. at ¶ 2, 5, 7. These allegations of constructive eviction due to racial discrimination and a racially discriminatory eviction are sufficient to state a claim under § 3604(a).

## B. Section 3604(b)

Section 3604(b) of the Fair Housing Act prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Mr. Jones can state a § 3604(b) claim by alleging that Runaway Bay "engage[d] in invidious discrimination when failing to provide maintenance services or when limiting the use of [its] . . . facilities." Mehta v. Beaconridge Improvement Ass'n, 432 F. App'x 614, 617 (7th Cir. 2011).

The amended complaint alleges that Runaway Bay "engaged in racial profiling, racial segregation[,] and race discrimination," by "not conducting service or requested major repairs." [Doc. No. 116 at ¶ 2–3]. Mr. Jones claims that when Runaway Bay maintenance workers entered his apartment to service his refrigerator and furnace, the workers allegedly refused to remove dirty gloves before working inside the refrigerator. An argument ensued and Mr. Jones claims that the workers exhibited "threatening white supremacy behaviors," made "racist distinctions between races openly in [Mr. Jones's] home," and left without making the required repairs to his appliances. Id. at ¶ 4. Mr. Jones claims that Runaway Bay's maintenance workers' conduct was racist, discriminatory, intimidating, and violated the lease.

The amended complaint further alleges that Runaway Bay "engaged in racial profiling, racial segregation[,] and race discrimination," by imposing clubhouse use restrictions on the "African American [p]laintiff only." [Doc. No.

5

116 at ¶ 2]. He further alleges that Runaway Bay racially profiled him on December 29, 2016, when they accused him of trespassing in the apartment complex's clubhouse and called on the Mishawaka Police Department to remove him.

These allegations that Runaway Bay intentionally discriminated against Mr. Jones based on race by denying him maintenance services and limiting his use of the clubhouse facility are sufficient to state a claim under § 3604(b). *See* Mehta v. Beaconridge Improvement Ass'n, 432 F. App'x 614, 617 (7th Cir. 2011).

*C. Section 3617*

To state a § 3617 claim, the plaintiff must demonstrate: "that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." Bloch v. Frischholz, 587 F.3d 771, 783 (7th Cir. 2009). The amended complaint alleges that Runaway Bay "retaliated against [Mr. Jones based on] race and religion for engaging in [the] protected activities [of] making maintenance requests" when it sent him a letter on December 29, 2016, notifying him that it was terminating the lease and demanding he vacate his apartment. [Doc. No. 116 at ¶ 7]. While this allegation alone doesn't properly allege discriminatory intent, the court must read the complaint as a whole, *see*

6

Engel v. Buchan, 710 F.3d 698, 709 (7th Cir. 2013), and the court can reasonably infer discriminatory intent based on race from the other allegations contained in the amended complaint as discussed earlier. Accordingly, the amended complaint states a retaliation claim under § 3617 based on race discrimination.

*D. Claims of Religious Discrimination*

Mr. Jones, who tells the court he is a Christian, includes references to his religion and conclusory allegations of religious discrimination throughout the amended complaint in an attempt to state a claim for religious discrimination under the Fair Housing Act, but he doesn't allege facts that would allow anyone to reasonably infer Runaway Bay intentionally discriminated against Mr. Jones based on his religion. For example, the amended complaint alleges that Runaway Bay notified Mr. Jones that his "lease was being terminated based off of racist allegations of assault formed by discrimination against [his] race and religio[us] performance in his own home." [Doc. No. 116 at ¶ 6]. The amended complaint's conclusory allegations of religious discrimination are insufficient to state a claim under the Fair Housing Act. McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 886 (7th Cir. 2012) (conclusory allegations alone can't state a claim under Iqbal). Accordingly, to the extent Mr. Jones seeks to state a claim for religious discrimination under the FHA, those claims must be dismissed.

III. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Runaway Bay's motion to dismiss [Doc. No. 113] as follows:

1. The court DENIES the motion insofar as it seeks to dismiss Mr. Jones's claims of discrimination based on race under §§ 3604(a), 3604(b), and 3617 of the Fair Housing Act.

2. The court GRANTS the motion insofar as it seeks to dismiss Mr. Jones's claims of discrimination based on religion under the Fair Housing Act.

SO ORDERED.

ENTERED:   December 11, 2017

                                           /s/ Robert L. Miller, Jr.
                                       Judge, United States District Court

cc:   R. Jones