UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT LEE JONES, JR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 3:17-CV-210 RLM-MGG |
| ) | |
| RUNAWAY BAY APARTMENTS ) | |
| M/A MGMT. CORP., ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER

Runaway Bay moves to dismiss this action under Fed. R. Civ. P. 41(b) due to Mr. Jones's alleged failure to comply with court orders and the Federal Rules of Civil Procedure. [Doc. No. 320]. To the extent Runaway Bay needed leave of the court to file its motion, [*see* Doc. No. 298 at 11], the court grants leave.

Dismissal for failure to comply with a court order "is a harsh sanction that should be imposed infrequently," but "the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014) (quoting Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177–1178 (7th Cir. 1987)). "The court should exercise this right sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.' " Id. (quoting Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983). A court must take care to "tailor sanctions

to the severity of plaintiff['s] misconduct." Nelson v. Schultz, 878 F.3d 236, 238–239 (7th Cir. 2017). Mr. Jones is proceeding *pro se* in this matter, but *pro se* litigants aren't exempt from Rules of Civil Procedure and must follow the court's orders. Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006).

On October 10, 2017, Runaway Bay served a set of interrogatories and a request for production of documents on Mr. Jones. [Doc. Nos. 150, 151]. Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Mr. Jones was required to answer or object to the interrogatories and respond to the request for production within 30 days. He didn't do either. This failure to comply with the Rules required Runaway Bay to file a motion to compel. [Doc. No. 198]. At a February 22, 2018, hearing on discovery matters, Magistrate Judge Michael Gotsch, Sr. offered both parties the opportunity to raise any discovery-related issue of concern and the parties discussed the interrogatories and request for production. Mr. Jones agreed to respond to the interrogatories by February 23, and to the request for production by February 28.

Mr. Jones timely served and filed his interrogatory responses, [Doc. No. 231], and his response to Runaway Bay's request for production. [Doc. No. 239]. Mr. Jones's responses contained numerous objections that Runaway Bay claimed were unjustifiable, so it filed motions to compel. [Doc. Nos. 232, 242]. Magistrate Judge Gotsch held that Mr. Jones's objections were baseless and unsupported by legal authority, granted the motions to compel, ordered Mr. Jones to produce the outstanding information by March 26, [Doc. No. 274], and awarded Runaway Bay expenses as a sanction because Mr. Jones's objections

weren't justified. [Doc. No. 298].

Rather than comply with the court's order, Mr. Jones objected to Magistrate Judge Gotsch's order, arguing that Magistrate Judge Gotsch's discovery rulings were wrong and that he didn't receive Magistrate Judge Gotsch's order until March 26 – the day his production was due. [Doc. Nos. 279, 280]. Because Magistrate Judge Gotsch's order contained no error whatsoever, the court overruled Mr. Jones's objection and ordered Mr. Jones to comply with it immediately. [Doc. No. 282].

Mr. Jones then moved for an extension of time to respond to the interrogatories and the request for production and Magistrate Judge Gotsch gave him until April 30, to respond. [Doc. No. 298]. Magistrate Judge Gotsch advised Mr. Jones that "failure to comply with this order could result in further sanctions up to and including dismissal of this case." Id. When Mr. Jones didn't fully comply, Runaway Bay moved to dismiss.

Before granting a motion to dismiss pursuant to Rule 41(b), courts should consider:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

McMahan v. Deutsche Bank AG, 892 F.3d 926, 931–932 (7th Cir. 2018).

Not only has Mr. Jones repeatedly failed to comply with the court's orders as just described, he has blamed the court for his failures. In attempting to

3

justify his conduct, Mr. Jones said that "[I]t's not the plaintiff's fault that . . . proper objections [to discovery requests] were not sustained" and "[i]t would be [p]rejudic[ial] for the plaintiff to have to pay the defendant awards in expenses because Magistrate Judge [Gotsch] failed to outline what would happen if my objections [were] not sustained and exactly what discovery would be required to be produced on what date." [Doc. No. 292]. In objecting to Magistrate Judge Gotsch's order, Mr. Jones said "it's not the plaintiff['s] fault that Judge Gotsch was unsuccessful [in] resolving discovery disputes," outlined what he claimed would have been a reasonable order, and said "I would have obeyed this type of reasonable order." [Doc. No. 312]. Because Mr. Jones is proceeding *pro se*, he alone is responsible for the conduct at issue.

Mr. Jones's conduct has unnecessarily delayed action on this relatively straightforward Fair Housing Act case. He has swamped the court with frivolous filings and his failure to comply with discovery orders has necessitated multiple hearings. Mr. Jones's dilatory conduct also required the court to first continue and then vacate the trial setting in this case. His actions have prejudiced the defendant. His delay in producing health records meant that Runaway Bay didn't have access to relevant records when deposing Mr. Jones and his vexatious litigation strategy has made it difficult for Runaway Bay to secure an expert witness. The court is hesitant to weigh the merits of the suit at this juncture, but notes that Mr. Jones hasn't come forward with evidence of intentional discrimination. A dismissal's impact on the social objectives of the type of litigation weighs slightly against dismissal.

Having considered these factors, dismissal is warranted and is a reasonable exercise of discretion in this case. Accordingly, the court GRANTS Runaway Bay's motion to dismiss, [Doc. No. 320], and DISMISSES this case with prejudice pursuant to Fed. R. Civ. P. 41(b). The court denies all other pending motions as moot. The clerk shall enter judgment accordingly.

SO ORDERED

ENTERED:   October 17, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   R. Jones