UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT LEE JONES, JR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 3:17-CV-210 RLM-MGG |
| ) | |
| RUNAWAY BAY APARTMENTS ) | |
| M/A MGMT. CORP., ) | |
| ) | |
| Defendant ) | |

## OPINION and ORDER

On Runaway Bay's motion, the court dismissed this action on October 17, 2018, pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Federal Rules of Civil Procedure and court orders. [Doc. No. 429]. Plaintiff Robert Lee Jones, Jr., moves to alter or amend the judgment pursuant to Fed. R. Civ. P. Rule 59(e), [Doc. No. 439], and to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). [Doc. No. 437].[1] Mr. Jones filed his motions on November 5, making them timely under both Rule 59(e) and Rule 60(b). *See* Fed. R. Civ. P. Rule 59(e) (requiring a motion "be filed no later than 28 days after the entry of the judgment"); Fed. R. Civ. P. Rule 60(b) (requiring a motion "be made within a reasonable time--and [in some cases] no more than a year after the entry of the judgment"). For the following reasons, the court denies Mr. Jones's motions.

---

[1] Mr. Jones, citing to Fed. R. Civ. P. 46, also objected to the order dismissing this action pursuant to Fed. R. Civ. P. 41(b). [Doc. No. 432]. The court declines to construe his objection as a motion requiring a ruling because his motions pursuant to Rules 59(e) and 60(b) adequately address the arguments he raised in his objection.

A Rule 59(e) motion can be granted if "the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.' " Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir.2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted).

The court assumes the reader's familiarity with the facts outlined in the October 17 order, but notes that after filing this Fair Housing Act case, Mr. Jones repeatedly failed to produce complete responses to Runaway Bay's interrogatories and its request for production of documents, necessitating motions to compel, discovery hearings, and monetary sanctions. Mr. Jones's failure to comply with the Federal Rules of Civil Procedure and court orders caused the court to grant Runaway Bay's motion to dismiss this case pursuant to Fed. R. Civ. P. 41(b).

In his Rule 59(e) motion, Mr. Jones argues that factors such as the impact of any delay on the court's calendar, prejudice to the defendant, and the merits of his claims weigh in favor of reconsideration and asserts Runaway Bay also failed to comply with court orders in the course of the litigation. These arguments touch on many of the factors the court discussed before granting Runaway Bay's motion to dismiss pursuant to Rule 41(b).

Mr. Jones's strongest argument for reconsideration is that his failure to meet the April 30, 2018, discovery response deadline is excusable because he was under the care of a doctor at Saint Joseph Regional Medical Center and his condition prevented him from producing his responses until May 7. Mr. Jones also presents evidence supporting this argument in the form of doctor's notes.

The court didn't dismiss this action on its own; Runaway Bay filed a motion to dismiss pursuant to Rule 41(b) and Mr. Jones had an opportunity to present any and all arguments opposing that motion. None of Mr. Jones's arguments addressed so far were raised in his response.[2] He didn't argue that illness or medical treatment precluded him from complying with the discovery order, he didn't present any evidence about his treatment, and his motion for reconsideration doesn't explain why he couldn't have presented this argument and evidence in his response to Runaway Bay's motion to dismiss.[3] The court can't consider these new arguments or the evidences of his illness because a

---

[2] In his response to Runaway Bay's motion to dismiss, Mr. Jones argued that the motion should be denied because he produced all outstanding discovery as of May 7, 2018, a week after his extended deadline had passed; contended dismissal was an unreasonably harsh sanction; and criticized Runaway Bay's discovery requests.

[3] Mr. Jones notes that he filed the evidence of his medical situation when he produced his late discovery responses, but doesn't argue that he addressed this evidence or mentioned any such extenuating circumstances precluding him from timely complying with the court's discovery order in his response to the defendant's motion to dismiss. As of the date of this order, there are 446 docket entries in this case, and "it was not the district court's job to sift through the record and make [Mr. Jones's] case for him." United States v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010) (citing United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). That the evidence was on the docket didn't relieve Mr. Jones of his obligation to present it to the court. See Estate of Moreland v. Dieter, 395 F.3d 747, 759 (7th Cir. 2005) (a court "will not scour a record to locate evidence").

3

Rule 59(e) motion "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d at 954 (quoting Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)).

Mr. Jones hasn't identified a manifest error of law or fact in the court's order or newly discovered evidence that precluded entry of judgment. Accordingly, the court can't revisit its opinion granting Runaway Bay's motion to dismiss.

Mr. Jones also moves to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). "Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" Eskridge v. Cook Cty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)). It allows a party to seek relief from a final judgment and request reopening of a case under a limited set of circumstances, including mistake, newly discovered evidence, fraud, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(3), (6). Mr. Jones argues for reconsideration under several prongs of Rule 60(b), including based on mistake, inadvertence, surprise, oversight, excusable neglect, new evidence, fraud by Runaway Bay, and any extraordinary reason justifying relief.

Mr. Jones's arguments in support of his Rule 60(b) motion overlap significantly with those forwarded in his Rule 59(e) motion. As before, Mr. Jones's strongest argument is that his failure to meet the April 30 discovery deadline constitutes excusable neglect because his illness rendered him unable to meet

the deadline. But the court must again decline to consider this argument because "Rule 60(b) motions cannot be used to present evidence that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief." Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000). *See also* Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir. 1995) ("Rule 60(b) does not provide a forum for reviving issues that were not raised prior to the entry of judgment").

Most of Mr. Jones's other arguments—including that the court failed to protect his interests, that Runaway Bay's motion was brought in bad faith and misrepresented facts, that the court didn't treat the parties equitably, the merits of his claim, and the lack of prejudice to the defendant—also weren't raised in his response to Runaway Bay's motion to dismiss and so don't provide a basis for the court to reconsider its ruling.[4] *See* Rutledge v. United States, 230 F.3d at 1052.

Mr. Jones makes one argument that the court can consider because he made it in response to Runaway Bay's motion to dismiss in both his Rule 59(e) and his Rule 60(b) motions: that dismissal was an unreasonably harsh sanction. Mr. Jones contends that he produced the long-overdue discovery on May 7, just days after the April 30 deadline and dismissal was too harsh a sanction for such a minor transgression. As the court recognized in its order, dismissal for failure

---

[4] Mr. Jones appears to argue that he has new evidence that warrants vacating the judgment: the expungement of his criminal record. This argument seemingly addresses the merits of his claim—suggesting that Runaway Bay couldn't introduce his criminal record as evidence against him—but this argument doesn't provide grounds for vacating the judgment.

5

to comply with a court order "is a harsh sanction that should be imposed infrequently," but "the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014) (quoting Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177–1178 (7th Cir. 1987)).

In making this argument, Mr. Jones suggests that his failure to meet the April 30 deadline was the only instance in which he didn't comply with a court order or the Rules of Civil Procedure and was the only basis for the court's decision to dismiss his case. In fact, the court's order describes his repeated failure to comply with the Rules of Civil Procedure and this court's orders. Neither hearings on discovery motions in which the court afforded Mr. Jones all the time he asked for to fulfill his discovery obligations, monetary sanctions, nor its admonishment that failure to produce the long-overdue discovery by the April 30 deadline "could result in further sanctions up to and including dismissal of this case," [Doc. No. 298], moved Mr. Jones to comply with his obligations. While he seeks to minimize the impact of his actions, his conduct unnecessarily delayed action on this relatively straightforward Fair Housing Act case, spurred multiple motions to compel and hearings on discovery matters, and required the court to first continue and then vacate the trial setting.

Mr. Jones argues that a more appropriate sanction would have been "a stay in proceedings until discovery orders are complete . . . [to] allow[ him] to produce and answer requests without the pressure of time limits." While the

court exhibited flexibility with Mr. Jones, granting extensions to discovery deadlines and setting new deadlines amenable to him, staying the case to allow Mr. Jones to respond to the defendant's discovery requests at his own pace, without deadlines, runs contrary to the Federal Rules of Civil Procedure and a federal district court's obligation to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Emerson v. Dart, 900 F.3d 469, 473 (7th Cir. 2018) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–631 (1962)). Expeditious disposition of cases requires time limits and the court's power to sanction parties for their failure to comply with those deadlines enables courts to maintain "administrative control over their own dockets and to deter other litigants from engaging in dilatory behavior." Ladien v. Astrachan, 128 F.3d 1051, 1056–1057 (7th Cir. 1997) (quoting Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, 852 F.2d 280, 285 (7th Cir. 1988)). Mr. Jones's status as a *pro se* litigant doesn't exempt him from Rules of Civil Procedure or the court's orders. *See* Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006).

For the reasons stated, the court declines to reconsider its order dismissing this action pursuant to Fed. R. Civ. P. 41(b), DENIES Mr. Jones's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. Rule 59(e), [Doc. No. 439], and DENIES his motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). [Doc. No. 437].

SO ORDERED

ENTERED:   November 30, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: R. Jones